UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLLE ST. PIERRE,<br>Plaintiff,<br>v.<br>CITY OF UKIAH, et al.,<br>Defendants. | Case No. 26-cv-07749-RFL<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 17, 18, 19, 23 |

Kylle St. Pierre, who is proceeding without the benefit of counsel, filed this civil rights lawsuit against the City of Ukiah and Mendocino County. St. Pierre alleges that after he made negative comments about a trail project at a City Council meeting, Defendants retaliated against him, took his property, and did not change the project in response to his concerns. He therefore raises First, Fifth, and Fourteenth Amendment claims under 42 U.S.C. § 1983. Defendants now move to dismiss. For the reasons stated below, the motions are **GRANTED**.[1]

***Mendocino County.*** St. Pierre does not plausibly allege any claims against Mendocino County. His complaint contains only one specific allegation about the County: that it "exercises land-use and fire-safety authority over the unincorporated Western Hills, participates with the City in the Ukiah Valley Fire Authority, and shares jurisdiction over the annexation, zoning, and

[1] St. Pierre's request for judicial notice (Dkt. No. 23) is denied, because a plaintiff "cannot use a request for judicial notice to supplement the[ir] allegations." *See M. B. v. City & Cnty. of San Francisco*, No. 24-CV-00301-RFL, 2024 WL 4049889, at *1 (N.D. Cal. Sept. 3, 2024) (citation omitted). Even if considered, the attached documents would not change the outcome of these motions. The City's request for judicial notice (Dkt. No. 19) is denied as moot, as the documents were not considered and do not affect the outcome of the motions. If the City intends to rely on similar documents in the future, it should explain how to identify the relevant parcels.

corridor issues that City staff publicly assigned to the County on September 17, 2025." (Dkt. No. 15 ("FAC") ¶ 13.) That bare allegation does not make it plausible that the County did anything wrong. St. Pierre seemingly contends the County should have done something about his concerns, but he has alleged no facts supporting a plausible inference that the County knew about his concerns or violated his constitutional rights by not acting on them. Accordingly, all claims against the County are dismissed.

***First Amendment Retaliation.*** St. Pierre does not state a First Amendment retaliation claim. Such a claim requires alleging "(1) [the plaintiff] engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (citations omitted). Some of the City's allegedly retaliatory acts would not plausibly chill a person of ordinary firmness. For instance, the City's failure to display St. Pierre's maps at the City Council meeting, its "public recharacterization of his comments as an old 'County issue,'" and the failure to schedule a meeting with him do not meet that bar. (*See* FAC ¶ 63; *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 779 (9th Cir. 2022).) By contrast, approval of the trail project and advancing fire-break restoration projects could plausibly chill further speech. (*See* FAC ¶ 63; *Dodge*, 56 F.4th at 779.) But St. Pierre has not plausibly alleged a nexus between his speech and those actions. St. Pierre has not alleged a basis to infer that the City Council approved the trail project to retaliate against his same-day comments, rather than as part of its preexisting and nearly finalized plan to "[c]reate opportunities for access trails." (*See* FAC ¶¶ 23, 47.) Likewise, without more factual allegations, there is no plausible basis to infer that the City advanced the fire-break restoration projects to retaliate against St. Pierre's speech in light of the seven-month gap between his speech and the City's actions. (*See id.* ¶¶ 47, 55–56; *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000); *Coszalter v. City of Salem*, 320 F.3d 968, 977–78 (9th Cir. 2003) (holding eight-month gap did not necessarily preclude finding

retaliation, but noting "there is no set time within which acts necessarily support an inference of retaliation").)

***Fifth Amendment Claims.*** St. Pierre's Fifth Amendment claims require alleging a property interest in the taken property. *McIntyre v. Bayer*, 339 F.3d 1097, 1099 (9th Cir. 2003) (citation omitted); *see Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 548 (2005) (describing an exaction as a form of taking). St. Pierre has not plausibly alleged a property interest. He alleges that the City took his property by developing "public trails, fire-hardening work, and emergency-vehicle routing directed onto and along a private road and corridor." (FAC ¶ 71.) But the complaint alleges that this road and corridor run both "through" and "along" his land, "traveling from City property to Rising Moon property." (*Id.* ¶¶ 16, 33, 39.) It is therefore possible that the City is only utilizing its own portion of the road and corridor running "along" St. Pierre's land, not the portion running "through" the land that he leases. (*See id.*) St. Pierre's allegations are "merely consistent with" his theory of liability, so he must allege more facts about the road and corridor to make his claims plausible. *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (citation omitted).

***Equal Protection.*** A class-of-one equal protection claim requires allegations that the plaintiff was treated differently than similarly situated individuals. *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122–23 (9th Cir. 2022). The plaintiff must be "similarly situated to the proposed comparator in all material respects." *Id.* at 1123. St. Pierre alleges he was treated differently than "the owner or occupant from whom these same agencies already know to take a written license or signature before they enter, cut, or treat a firebreak" and "City-side neighbors who . . . received meetings and a deleted trailhead." (FAC ¶¶ 79–80.) But he has not alleged any facts about who these individuals were and how they were similarly situated to him. Accordingly, he has not plausibly alleged an equal protection claim. *See SmileDirectClub*, 31 F.4th at 1123.

**Monell *Liability.*** *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978) identifies requirements for any § 1983 claim against a government entity. *See Dougherty v. City*

*of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). St. Pierre has only sued government entities, so *all* his claims require plausibly alleging *Monell* liability. Presumably, the City Council's actions meet that standard. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). But St. Pierre has not identified any state or local law otherwise giving City staff final policymaking authority. *See id.* at 484–85. Nor has he plausibly alleged that a final policymaker ratified the staff conduct. *See Dodge*, 56 F.4th at 788 ("Ratification generally requires more than acquiescence . . . ." (cleaned up)). Accordingly, the claims based on staff conduct beyond actions of the City Council itself are dismissed on the additional basis that *Monell* liability has not been adequately alleged.

***Conclusion.*** Defendants' motions to dismiss are **GRANTED**. Dismissal is with leave to amend. If St. Pierre wishes to file an amended complaint correcting the deficiencies identified above, he shall do so by **December 16, 2026**. Because an amended complaint completely replaces the previous complaints, any amended complaint must include all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. If no amended complaint is filed by that date, the complaint will remain dismissed with prejudice, judgment will be entered in favor of Defendants, and the case will be closed.

**IT IS SO ORDERED.**

Dated: November 25, 2026

RITA F. LIN
United States District Judge